Bott, J.,
delivered the opinion of the court:
The purpose of the contract on which the claimant’s title rests was to place at the disposal of an enemy of the United States, resident in hostile territory, funds which were within the United States fixed lines of military occupation. We are of the opinion that a title thus acquired was acquired against the public policy of the United States, and that within their courts public policy forbids that it should be upheld.
It was lawful for the claimant to trade with Daves so long as their transactions were without an unlawful purpose; for both were residents within the insurrectionary district, and their transactions were carried on within the enemy’s lines; but it was not lawful for Daves to trade across the United States lines with Henry Graft, at Memphis, (as was held by the Supreme Court in Ensley’s Case, 9 C. Cls. R., 11,) and what be could not do directly he could not do by any number of intermediate links.
If the consideration of the sale had been cash the sale would have been valid. If the consideration had been a draft on some one within the United States lines, in terms payable only after hostilities had ceased, a different question would be before the court. But the draft which formed the actual consideration imported that the drawee had funds subject to the order of the drawer, and such was the fact; and it in effect was payable whenever presented, and such was the intent; and its real purpose, like the practical effect, was to place at the disposal of an enemy funds which he could use within our own territory. Manifestly the courts of the United States cannot carry out such a purpose, nor aid in giving effect- to such a transaction.
Moreover, it is shown to have been the purpose of the vendor to obtain these lunds within the United States lines, to the end that he might acquire supplies there and carry them back to his own hostile, territory. Whether the vendee was or was not *181 informed of this purpose we deem immaterial, for he was chargeable with knowledge of the illegal consequences that might flow from his own illegal transaction.
The judgment of the court is that'the petition be dismissed.
Peck, J., was absent when the case was heard, and took no part in the decision.